UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA FIKES,                  :          NO. 1:10-CV-00021
                               :
      Petitioner,              :
                               :
      v.                       :          **OPINION AND ORDER**
                               :
WARDEN, WARREN CORRECTIONAL    :
INSTITUTION,                   :
                               :
      Respondent.              :


      This matter is before the Court on the Magistrate Judge's
Report and Recommendation (doc. 16) and Petitioner's Objections
(doc. 20).  Also before the Court is Petitioner's Motion for
Expansion of the Record (doc. 21).  For the reasons indicated
herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report
and Recommendation and DENIES Petitioner's Petition for Writ of
Habeas Corpus (doc. 1), with prejudice.  The Court further DENIES
Petitioner's Motion for Expansion of the Record (doc. 21).

      Petitioner filed his <u>pro se</u> Petition for a Writ of Habeas
Corpus on January 15, 2010, challenging his convictions in the
Hamilton County, Ohio Court of Common Pleas for one count of murder
with specifications and having weapons while under disability, for
which he was sentenced to consecutive terms of imprisonment of
fifteen years to life for his murder conviction and four years for
having weapons while under disability (doc. 16).  In addition,
Petitioner received a sentence of three years for the firearm

specifications, to be served prior to and consecutive with his other sentences (<u>Id</u>.).

Petitioner raises six grounds for habeas relief: 1) denial of effective assistance of trial counsel when counsel instructed Petitioner to testify only in accordance with his adult record, 2) denial of a fundamentally fair trial when the trial court erroneously instructed the jury as to Petitioner's self-defense claim, 3) denial of a right to trial by jury, 4) denial of effective assistance of trial counsel when counsel failed to object to a witness' inadmissible opinion testimony on self-defense, 5) denial of effective assistance of trial counsel when trial counsel failed to object to prosecutorial misconduct, and 6) denial of due process of law because of the prosecutor's knowing use of perjured testimony. (<u>Id</u>.).

## I. The Magistrate Judge's Report and Recommendation

The Magistrate Judge thoroughly reviewed all of Petitioner's grounds for relief (doc. 16). The Magistrate Judge found the first ground for relief lacking merit, the third ground for relief not cognizable in habeas corpus, and grounds two, four, five, and six procedurally defaulted (<u>Id</u>.).

### A. Ground One

The Magistrate Judge found Petitioner's first ground for relief without merit (<u>Id</u>.). Petitioner claims he was denied the effective assistance of trial counsel when counsel instructed him

to testify only in accordance with his adult record, therefore opening the door for impeachment testimony concerning Petitioner's juvenile record (Id.). Petitioner further claims that if not for the alleged ineffectiveness of counsel the outcome of the case would have been different (Id.). He argued that trial counsel's mistake was fatal to his case, as the success of his self-defense claim was dependent on his credibility (Id.). The Magistrate Judge concluded that counsel was not deficient in his representation and Petitioner failed to show prejudice as required by Strickland. (Id. citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). The Magistrate Judge determined that trial counsel made a strategic decision to directly address Petitioner's lifestyle as a drug dealer and establishing Petitioner's history of selling drugs was necessary to support trial counsel's assertion that the incident was the result of the territorial nature of selling drugs (doc. 16). Therefore, the Magistrate Judge found that trial counsel's performance was guided by sound trial strategy (Id.). Additionally, the Magistrate Judge concluded that because the trial counsel had relied heavily on referencing Petitioner's history of selling drugs, the outcome of the trial would not have changed had Petitioner's juvenile drug convictions not come to light (Id.). Thus, Petitioner failed to show he was prejudiced by counsel's deficient performance as required by Strickland (Id.).

## B. Ground Three

Petitioner's third ground for relief is that the Ohio Court of Appeals invaded the province of the jury when the court "weighed the evidence, made credibility determinations, and concluded that the jury would have rejected [Petitioner's] self-defense claim" (doc. 16). He argues that the decision violated his Sixth Amendment right to have a jury decide his guilt or innocence (doc. 16). The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." (Id. citing Greer v. Mitchell, 264 F.3d 663, 681 (6ᵗʰ Cir. 2001)). Additionally, a ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. See Kirby, 794 F.2d at 247-48. Accordingly, the Magistrate Judge held that ground three should be denied as it is not cognizable on federal habeas review (doc. 16).

## C. Grounds Two, Four, Five, and Six

The Magistrate Judge determined that grounds two, four, five, and six are procedurally defaulted because Petitioner failed to raise the underlying claims alleged in these grounds on direct appeal to the Ohio Court of Appeals (Id.). A federal habeas court may hold claims procedurally defaulted if it is clear the state court would hold the claim procedurally barred. (Id. citing Harris v. Reed, 489 U.S. 255, 263 (1989)). Claims not raised on direct

appeal are barred by the doctrine of res judicata under Ohio law. (Id. citing State v. Perry, 226 N.E.2d 104, 105-06 (Ohio 1967)). The Magistrate Judge found that Petitioner's claims of ineffective appellate counsel did not preserve the merits of the underlying claims for habeas review. Petitioner therefore waived the claims in grounds two, four, five, and six absent a showing of cause and actual prejudice or that failure to consider the claims would result in a "fundamental miscarriage of justice." (Id. citing Coleman v. Thompson, 501 U.S. 722, 750 (1991). In order for ineffective assistance of counsel to serve as cause to excuse a procedural default, Petitioner must show his appellate counsel's failure to raise the claims rose to the level of a constitutional violation under Strickland by demonstrating a reasonable probability that inclusion of the issue would have changed the result of the appeal. (Id. citing McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004)).

The Magistrate Judge found Petitioner's second ground for relief to be procedurally defaulted without cause (doc. 16). In his second ground for relief, Petitioner asserted that he was denied his right to a fair trial under the Due Process Clause of the Fourteenth Amendment because of the trial court's jury instruction that "one has no duty to retreat in one's home" (Id. citing doc. 1). The Ohio appellate court found Petitioner's appellate counsel was not ineffective for failing to raise the jury instruction claim

because the error was not prejudicial (Id. citing doc. 7). The Magistrate determined that this state court decision was not contrary to or an unreasonable application of federal law as required by 28 U.S.C. § 2254(d), and Petitioner therefore failed to establish cause for his procedural default of the underlying trial error claim alleged in Ground Two (doc. 16).

In his fourth ground for relief, Petitioner asserts he was denied effective assistance of trial counsel due to counsel's failure to object to Detective Randolph's testimony regarding the use of excessive force (Id. citing doc. 1). The Magistrate Judge determined that Ohio courts could reasonably conclude that trial counsel's alleged ineffectiveness in failing to object would not have altered the outcome of Petitioner's trial (Id.). Furthermore, the Magistrate Judge determined the state courts would not be unreasonable in determining appellate counsel was not ineffective for failing to raise this claim (Id.). Therefore, the Magistrate Judge found that Petitioner failed to establish cause for the procedural default of the underlying error alleged in ground four (doc. 16).

Petitioner's fifth ground for relief claims he was denied the effective assistance of trial counsel because of counsel's failure to challenge instances of alleged prosecutorial misconduct (doc. 16). The Magistrate Judge determined two of the four alleged instances of misconduct were procedurally defaulted by

6

Petitioner without cause or prejudice. The Ohio Court of Appeals found the other two allegations of misconduct did not deny the Petitioner a fair trial, and the Magistrate Judge determined the allegations did not deprive Petitioner of due process (Id.). Therefore, the Petitioner failed to establish cause for his procedural default of the underlying trial errors alleged in ground five (Id.).

Petitioner's sixth ground for relief alleges a Due Process Clause violation based on the prosecutor's knowing use of perjured testimony (doc. 16). The Magistrate Judge found this argument without merit because Petitioner failed to demonstrate a reasonable probability that inclusion of the perjured testimony claim would have changed the result of his appeal. The Magistrate Judge found there was no significant difference between the actual statement and the witness's recollection of the statement in his testimony. In addition, the actual statement was played during trial (doc. 16). Therefore, the Petitioner failed to establish cause for his procedural default of the underlying trial error alleged in ground six(Id.).

Finally, the Magistrate Judge concluded that Petitioner did not demonstrate that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered (doc. 16). The Magistrate Judge therefore recommended that Petitioner's petition for writ of habeas corpus be denied with

prejudice.

## II. Petitioner's Objections to the Magistrate Judge's Report and Recommendation.

Petitioner objects to the Magistrate Judge's Report and Recommendation on grounds one, two, five, and six (doc. 20). As for ground one, Petitioner objects to the Magistrate Judge's finding that the state court's determination of his ineffective assistance of trial counsel claim was not an unreasonable application of Strickland (Id.). Petitioner contends that because his self-defense claim was dependent upon his credibility, it was unreasonable for his attorney to advise him to testify only in accordance with his adult record, thereby leaving the door open for the prosecution to impeach his credibility with a juvenile conviction (Id.). Petitioner argues it is "quite possible" that the jury rejected his self-defense claims on credibility grounds (Id.). Petitioner claims that the Magistrate Judge failed to conduct any analysis regarding how trial counsel's instructions caused him to appear dishonest to the jury (Id.).

As for ground two, Petitioner argues the erroneous jury instruction had a substantial and injurious influence in determining the jury's verdict and resulted in actual prejudice (doc. 20). Petitioner claims that the jury instruction gave the jurors latitude to believe Petitioner had not proven the first element of his self-defense claim (Id.). Petitioner argues that the state court's reasoning improperly invaded the province of the

8

jury by finding the error was not demonstrably prejudicial (Id.).

As for ground five, Petitioner argues two instances of prosecutorial misconduct were in fact presented to the state courts and therefore his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims are not procedurally defaulted (doc. 20).

As for ground six, Petitioner objects to the Magistrate Judge's finding that Petitioner was not prejudiced by the alleged error in Detective Randolph's testimony and that his appellate counsel was not ineffective for failing to raise the claim (doc. 20). Petitioner argues that he sustained his burden of demonstrating that the detective's testimony was indisputably false and material to the issue of guilt or innocence (Id.).

## III. Analysis

The Court finds Petitioner's objections lacking in merit. Although Petitioner skillfully stated his objections (doc. 20), the Magistrate Judge's original Report and Recommendation (doc. 16) offered an incredibly thorough review of the record and the applicable law. This review has convinced the Court that Petitioner is not entitled to the habeas relief he seeks in his Petition.

First, in regards to ground one, Petitioner argues that the Magistrate Judge failed to conduct any analysis regarding how trial counsel's instructions caused him to appear dishonest to the

jury (doc. 20). However, the Magistrate Judge expressly noted that in light of the other evidence presented in this case, "it is highly unlikely that evidence of Petitioner's juvenile record and his failure to initially disclose the conviction had a prejudicial impact on the jury's verdict" (doc. 16). The Court agrees with this determination.

As for ground two, the Court agrees with the Magistrate Judge's conclusion that the Ohio appellate court finding regarding the jury instruction claim was not contrary to federal law under Section 2254(d)(doc. 16). The Court agrees that the Ohio Court of Appeals reasonably determined the underlying jury instruction was not prejudicial (Id.). Therefore, the underlying claim alleged in ground two is procedurally defaulted.

As for ground five, the Court agrees the two instances of prosecutorial misconduct are procedurally defaulted (Id.). Petitioner waived his ineffective assistance of appellate counsel claim based on trial counsel's failure to challenge the alleged instances of prosecutorial misconduct because he failed to fairly present these claims to the Ohio courts.

Finally, the Court agrees with the Magistrate Judge's analysis of ground six (doc. 16). Since the actual statement was played during trial, Petitioner cannot demonstrate that he was prejudiced by the alleged error. Accordingly, Petitioner has not demonstrated a reasonable probability that his appeal would have

been successful if the alleged error was raised on appeal.

## IV. Petitioner's Motion for Expansion of the Record

Petitioner seeks to expand the record to include documents relating to Petitioner's statement to the police (doc. 21). Under Rule 7 of the Rules Governing § 2254 Cases, the judge may direct the parties to expand the record if the petition is not dismissed. Since the Court is dismissing the petition with prejudice, the Petitioner's motion is DENIED. Furthermore, the proposed documents would not alter the Court's conclusion that ground six is procedurally defaulted without cause. The Court has determined that additional materials would not alter the merits of Petitioner's argument on ground six. The Court agrees with the Magistrate Judge that there is no discernable difference between the detective's testimony and Petitioner's comments during his interview (doc. 16). In addition, Petitioner's actual statement was played during his trial, so Petitioner cannot demonstrate he was prejudiced by the alleged inaccurate testimony (doc. 16). Therefore, the Court finds Petitioner's Motion for Expansion of the Record lacking in merit.

## V. Conclusion

Having reviewed this matter, the Court finds the Magistrate Judge's Reports and Recommendations well-taken in all respects. The Court therefore ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (doc. 16). As such the Court

DENIES Petitioner's Petition (doc. 1) with prejudice.  The Court further DENIES Petitioner's Motion for Expansion of the Record (doc. 21).

The Court further FINDS that a certificate of appealability should not issue with respect to the underlying trial errors alleged in Grounds Two, Four, Five, and Six, which this Court has concluded are waived and thus barred from review on a procedural ground, because under the first prong of the applicable two-part standard established in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  The Court similarly finds that a certificate of appealability should not issue with respect to any other claims alleged in Petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  28 U.S.C. § 2253(c); Fed R. App. P. 22(b).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 8, 2012        /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge